IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-279-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| KACEY HICKS | ) | |

This cause comes before the Court on defendant Hicks' motion to suppress. A hearing was held on the matter before the undersigned on February 21, 2019.[1] For the reasons that follow, the motion to suppress is denied.

## BACKGROUND

Kacey Hicks is charged by way of indictment with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924, possession with intent to distribute a quantity of cocaine and aiding and abetting in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and maintaining a place for the purpose of manufacturing, distributing, and using cocaine and marijuana in violation of 21 U.S.C. § 856.

Hicks has moved to suppress a confidential informant's identification of him and any subsequent in-court identifications, and to exclude all items seized pursuant to a search warrant issued pursuant to the confidential informant's identification. Hicks contends that the use of a single-photo line-up, or showup, to the confidential informant was unduly suggestive and that, under the circumstances, Hicks' due process rights were violated. The government has stated

---

[1] The Court held the hearing open to determine if further proceedings would be necessary. Due to the disposition of the motion to suppress by this order, continuation of the suppression hearing is not required.

that it will not be calling the confidential informant at trial, and thus any in-court identification of Hicks is not at issue. The government further contends in opposition[2] to the suppression motion that the search warrant was supported by probable cause and that Hicks's constitutional or other rights were not violated. The charges against Hicks arise from the items seized on the execution of the search warrant, and not from the controlled purchases conducted by the confidential informant.

## DISCUSSION

Detective Woodlief, a narcotics sergeant with the Henderson, North Carolina Police Department, testified to the following facts at the suppression hearing. Acting on a tip from a confidential informant that Kacey Hicks was selling narcotics from a residence located at 1031 Maple Street in Henderson, Detective Woodlief arranged for the confidential informant (CI) to conduct a controlled purchase of narcotics from the Maple Street residence. During the week of January 21, 2018, the CI, Detective Woodlief, another police officer met; the CI was searched for contraband; and the CI was provided with money to buy narcotics. Detective Woodlief observed the CI proceed to the area of 1031 Maple Street and return to a route to a predetermined meeting location approximately five minutes after he arrived at 1031 Maple Street. After arriving at the predetermined location, the CI was searched and crack cocaine which he had purchased at the Maple Street address was turned over to law enforcement. The CI further stated that he had purchased the crack cocaine from Kasey Hicks. A second controlled buy following the same protocol was conducted during the week of January 21, 2018, at 1031 Maple Street, which also resulted in the purchase of crack cocaine from an individual the CI identified as Kacey Hicks.

---

[2] The government filed a motion to dismiss the motion to suppress, which the Court considers as a response in opposition. The motion to dismiss is therefore denied as moot.

2

Following the second controlled buy from the Maple Street address, Detective Woodlief showed the CI a single photograph of Kacey Hicks, and the CI identified Hicks as the man from whom he had purchased crack cocaine at 1031 Maple Street. Detective Woodlief applied for a search warrant to search 1031 Maple Street as well as a silver Mercedes known to be operated by Kacey Hicks, and a search warrant was issued by a magistrate on January 25, 2018. The search warrant was executed the same day, and officers recovered firearms, narcotics, and drug paraphernalia.

"The Fourth Amendment generally requires the police to obtain a warrant before conducting a search." *United States v. Kelly*, 592 F.3d 586, 589 (4th Cir. 2010). In order to satisfy the Fourth Amendment, a search warrant must be supported by probable cause. *United States v. Harris*, 403 U.S. 573, 577 (1971). Probable case exists when "there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of crime and will be present at the time and place of the search." *United States v. Suarez*, 906 F. 2d 977, 984 (4th Cir. 1990).

In deciding whether there is probable cause to issue a search warrant, a magistrate or other officer of a court evaluates the totality of the circumstances. *Illinois v. Gates,* 462 U.S. 213, 238 (1983). A reviewing court may only consider the information which was presented to the issuing magistrate when determining whether the warrant was supported by probable cause, *United States v. Wilhelm*, 80 F.3d 116, 118 (4th Cir. 1996) (citation omitted), and a magistrate's determination that probable cause exists is entitled to great deference. *United States v. DePew*, 932 F.2d 324, 327 (4th Cir. 1991).

Improper or otherwise tainted evidence offered in support of a search warrant will not invalidate the search warrant so long as sufficient information remains to support a probable cause determination. *United States v. Allen*, 631 F.3d 164, 172 (4th Cir. 2011); *United States v. Wright*, 991 F.2d 1182, 1186 (4th Cir. 1993). Thus, even if it were to be determined that the one-photo showup challenged by Hicks was unduly suggestive, the Court must still determine whether there was sufficient untainted information presented to the magistrate to support the probable cause determination.

The totality of the circumstances presented to the magistrate supports that probable cause existed to conduct a search of 1031 Maple Street in Henderson, North Carolina, without the inclusion of the showup identification of Hicks. The tip provided to the Henderson Police Department about narcotics sales from the Maple Street address by Kacey Hicks was confirmed by the CI's ability to make two controlled purchases from the residence. *See United States v. Clyburn*, 24 F.3d 613, 618 (4th Cir. 1994). The magistrate was informed that this CI had previously provided information to law enforcement which had resulted in the arrest of individuals involved in narcotics sales, and was determined to be reliable by Detective Woodlief, a trained narcotics officer with eight years of experience; the CI's reliability as an informant has not been challenged. The CI had informed Detective Woodlief after both controlled buys that he had purchased the drugs from Kacey Hicks. While controlled buys do not constitute probable cause *per se*, *United States v. Lull*, 824 F.3d 109, 119 (4th Cir. 2016), where a reliable informant tells a law enforcement officer that he knows certain individuals to be selling drugs from a certain location, and that informant does in fact make a controlled purchase from that location and informs officers that he purchased the narcotics from those certain individuals, a probable cause finding is supported. *United States v. Khounsavanh*, 113 F.3d 279, 286 (1st Cir. 1997).

The identity of the Maple Street residence from which crack cocaine was purchased was described with sufficient particularity in the affidavit in support of the search warrant application, and the tip that drugs were being sold from that residence was confirmed by the two controlled buys by a reliable informant. The Court determines that Detective Woodlief provided the magistrate with sufficient information absent conclusory statements to support a probable cause determination in this instance.

## CONCLUSION

For these reasons, the motion to suppress [DE 25] is DENIED. The motion to dismiss the motion to suppress [DE 27] is DENIED AS MOOT.

SO ORDERED, this 4 day of March, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE